UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **KENNETH A. BATORY,**<br><br>　　　　　　**Plaintiff,**<br><br>　　vs.<br><br>**SEARS, ROEBUCK & CO., a New York corporation d/b/a "The Great Indoors,"**<br><br>　　　　　　**Defendant.** | 2:02-cv-02026 JWS<br><br>ORDER<br>[Re: Motion at Docket 44] |

## I.  MOTION PRESENTED

At docket 44 defendant Sears, Roebuck & Co. ("Sears") has moved for reconsideration of the decision entered October 13, 2006, denying Sears' motion for summary judgment. At docket 48, pursuant to the Court's request,[1/] plaintiff Kenneth A. Batory ("Batory") responded in opposition to the motion. Neither party has requested oral argument, and it would not assist the Court in deciding the motion.[2/]

## II.  BACKGROUND[3/]

In March 2003 the court granted Sears' motion to refer this matter to arbitration and dismissed the case.[4/] Batory appealed that order to the Ninth Circuit, which in an

---

　　[1/] D.Az. L.R. Civ. 7.2(g).

　　[2/] D.Az. L.R. Civ. 7.2(f).

　　[3/] The background is well known to the parties and was extensively set out in the order at docket 41; it is recited here only to the extent necessary to understand this decision.

　　[4/] Docket 23.

unpublished decision[5] reversed the finding that the Dispute Resolution Program and Agreement ("DRP") do not constitute an adhesion contract and remanded for an evidentiary hearing on unconscionability pursuant to Arizona Revised Statutes 47-2302.[6]  Specifically, the Ninth Circuit directed this Court to consider whether the agreement and DRP are unconscionable because:[7]

> (1) there exists an "overall imbalance in the obligations and rights imposed by the bargain" in that, although Sears is obligated to arbitrate all "Covered Claims," these Covered Claims consist only of "claims against the Company" to the exclusion of claims that Sears may initiate against its employees, *Maxwell*, 907 P.2d at 58 [*Maxwell v . Fidelity Fin. Serv., Inc.*, 907 P.2d 51, 58 (Ariz.1995)]; *see also Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000); (2) although Sears "reserves the right to modify or terminate [the] DRP upon sixty (60) days notice," it affords no equivalent power to its employees, *see Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003), *cert. denied,* 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004); and (3) the fee provision, which requires employees to pay the lesser of $150 or the filing fee if the claim had been filed in court, does not provide for waiver in cases of indigence, *see id.* at 1177.

In accordance with the Ninth Circuit mandate, Judge Carroll held an evidentiary hearing, and took the matter under advisement.  Finding that the covered claims and termination and modification provisions were unconscionable because they created an "overall imbalance of rights and obligations imposed by the bargain" (citing *Maxwell*), Judge Carroll held that the DRP was unenforceable and denied Sears' motion to refer this matter to arbitration.[8]  Judge Carroll then recused himself, and this case was randomly reassigned to the undersigned.[9]  On October 23, 2006, Sears timely filed its motion for reconsideration.[10]

---

[5] *Batory v. Sears, Roebuck & Co.*, 124 Fed.Appx. 530 (9th Cir.2005).

[6] Docket No. 27.

[7] *Batory*, 124 Fed.Appx. at 533.

[8] Docket No. 41.

[9] *Id.*

[10] D.Az. L.R. 7.2(g).

### III.  STANDARD OF REVIEW

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[11/]  However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[12/]  That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice."[13/]  The law of the case doctrine and the applicable limitations on the court's discretion apply in cases, such as this, in which a newly assigned judge is called upon to reconsider a decision rendered by an earlier judge in the same case.[14/]

### IV.  DISCUSSION

Sears does not cite any intervening change of law or new evidence.  Thus, the sole question presented by this motion is whether the order entered at docket 41 "was clearly erroneous and would work a manifest injustice."  For the following reasons the court holds that it does not.

On appeal, the Ninth Circuit, applying *Broemmer v. Abortion Servs. of Phoenix, Ltd.*, 840 P.2d 1013 (Ariz.1992), specifically found that the DRP was a contract of adhesion.  The Ninth Circuit, however, rejected Batory's other arguments, *i.e.*, mutuality of obligation, the lack of signature by Sears, and lack of consideration.  These rulings by the Ninth Circuit are the law of the case binding on this court, and they were not revisited in the order which Sears' asks to have reconsidered.

---

[11/] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.1993)

[12/] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir.2001).

[13/] *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir.1995); *see also School District No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

[14/] *See Delta Sav. Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir.2001).

The issue remanded to this court was whether, adequate legal consideration notwithstanding, enforcement was precluded because it was unconscionable, an equitable principal.[15]  The Arizona authorities cited by Sears address mutuality of obligations in the context of *legal* consideration for the agreement.  These address the wrong issue; that there was *legal* consideration for the agreement was established by the Ninth Circuit on appeal.[16]  The cases Sears cites (none of which are Arizona cases) for the proposition that an arbitration agreement, even though one-sided for lack of mutuality of the obligation to arbitrate, is none-the-less enforceable are inapposite.

Under Arizona law, "[t]o determine whether this contract of adhesion is enforceable, we look to two factors: the reasonable expectations of the adhering party and whether the contract is unconscionable."[17]  *Broemmer* held that an adhesion agreement to arbitrate was unenforceable as beyond the reasonable expectations of the adhering party without reaching the issue of whether it was unconscionable.[18]  *Maxwell* made clear that "reasonable expectations and unconscionability are two distinct grounds for invalidating or limiting enforcement of a contract."[19]  Taken together, *Broemmer* and *Maxwell* make clear that an adhesion agreement to arbitrate that is unconscionable is unenforceable under Arizona law.

The Ninth Circuit determined that the arbitration agreement at bar is an adhesion contract.  This court, applying the principles laid down by the Arizona Supreme Court in *Maxwell*, determined that the provisions of the DRP were unconscionable rendering the DRP unenforceable.  Sears does not argue *Maxwell* does not apply or that this court misapplied *Maxwell*.  Nor does Sears argue that the finding that the coverage and the modification and termination provisions created "an overall imbalance of rights and

---

[15] The bargained for exchange required to constitute adequate consideration to make a contract binding at law, *i.e.*, a "peppercorn," may be substantially less than that required in equity.  *See, e.g., Maxwell*, 907 P.2d at 58, n.3.

[16] 124 Fed.Appx. at 533-34.

[17] *Broemmer*, 840 P.2d at 1016.

[18] 840 P.2d at 1017.

[19] 907 P.2d at 57 (internal quotation marks omitted).

obligations" and unconscionable was erroneous.  Indeed, Sears ignores *Maxwell* entirely.  To grant the motion at bar, the court would also have to ignore relevant Arizona law.  That is something that the court may not do.  It follows that the court cannot say the order at docket 41 was clearly erroneous or works a manifest injustice.

## V.  CONCLUSION

For the reasons above, Sears' Motion for Reconsideration at docket 44 is **DENIED**.

DATED at Anchorage, Alaska, this 12th day of December 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE
